Erwin J. Shustak [CBN 119152]
Thomas C. Frost [CBN 185187]
Jonah A. Toleno [CBN 209600]
jtoleno@shufirm.com
Robert L. Hill [CBN 241624]
rhill@shufirm.com
SHUSTAK & PARTNERS, P.C.
401 West "A" Street, Suite 2330
San Diego, CA 92101
Telephone (619) 696-9500
Facsimile (619) 615-5290

Attorneys for Petitioner
DENISE R. REED

ORIGINAL FILED

07 JUL 16 PM 2:37

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENISE R. REED,

    Petitioner,

vs.

WHITE PACIFIC SECURITIES, INC.
and ROY L. PANELLI,

    Respondents.

CASE NO. C 07 3648 CW

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PETITIONER DENISE R. REED'S
PETITION TO CONFIRM
ARBITRATION AWARD

## I. STATEMENT OF FACTS

Petitioner DENISE R. REED ("Reed") brings the instant petition requesting the Court confirm an arbitration award totaling $164,400.80, issued in an arbitration before the National Association of Securities Dealers ("NASD"), bearing NASD Case No. 04-03449 (the "Arbitration Award"). A true and correct copy of the Arbitration Award is marked and attached to the Declaration of Jonah A. Toleno ("Toleno Dec."), submitted in support of this Petition as Exhibit "A".

Reed filed her initial Statement of Claim against Respondents WHITE PACIFIC SECURITIES, INC. ("White Pacific") and ROY L. PANELLI ("Panelli") (collectively "Respondents") with the National Association of Securities Dealers ("NASD") in NASD Case No. 04-03449 on May 4, 2004, and her First Amended Statement of Claim on January 12, 2007. (Toleno Dec., ¶2) Reed alleged that Respondents had inaccurately reported certain events on her

1  Forms U-4 and U-5 filed with the Central Registration Depository ("CRD"). Reed sought
2  expungement of these inaccurate Forms U-4 and U-5, along with causes of action against
3  Respondents for defamation, breach of contract, breach of the implied covenant of good faith and
4  fair dealing, and negligence. (Toleno Dec., ¶2.)
5      The matter proceeded to hearing in San Francisco, California, on April 16-18, 2007.
6  (Toleno Dec., ¶3.) The arbitration panelists (the "Panel") made their decision shortly thereafter
7  and served the Arbitration Award on the parties on June 5, 2007. (Toleno Dec., ¶4.) The Panel
8  held that Respondents had not accurately reported and maintained Reed's CRD records and thus
9  granted Reed's request for expungement of her U-4, U-5 and her CRD records. (Toleno Dec.,
10 ¶4.) Based on this decision, the Panel determined that Reed was the prevailing party and thus
11 awarded Reed her reasonably attorney's fees and costs incurred in bringing the arbitration.
12 (Toleno Dec., ¶4)
13     As a result, the Panel assessed against White Pacific the following amounts to be paid to
14 Reed: $158,797.10 for attorneys' fees, $5,228.70 for costs and expenses, and $375.00 for filing
15 fees. (Toleno Dec., ¶4.) White Pacific has since submitted payment to Reed in the amount of
16 $5,603.70 for Reed's costs and filing fees; however, White Pacific has not paid any portion of the
17 $158,797.10 required by the Arbitration Award. (Toleno Dec., ¶5)

## II. ARGUMENT

### A. The Arbitration Award Should be Confirmed.

9 U.S.C. § 9 provides that any party to an arbitration may apply to a District Court to have an arbitration award confirmed. The party should bring the petition in the District where the arbitration proceeding occurred. 9 U.S.C. § 9. Therefore, because Reed's arbitration against Respondents occurred in San Francisco, Reed can bring this petition in the United States District Court for the Northern District of California.

Furthermore, the Federal Arbitration Act mandates that a court must grant the order confirming an arbitration award unless the award has been vacated, modified, or amended. 9 U.S.C.§9. The Ninth Circuit Court of Appeals discussed the standards for a district court's review of arbitration awards in *Rostad & Rostad Corp. v. Investment Management & Research, Inc.*, 923 F.2d 694 (9th Cir. 1991). The Ninth Circuit was clear that the showing required to avoid summary

confirmation of an arbitration award is high, such that "[d]eference to the arbitrators is the rule." *Id.* at 697. The proceeding to confirm an arbitration award is intended to be summary, and the District Court must grant such an order unless the award is vacated, modified, or corrected. *Id.* Consequently, the criteria for vacating are difficult to meet, and require clear evidence of impropriety to justify denial of summary confirmation. See 9 U.S.C. §§ 10, see also *Sperry Intern. Trade, Inc. v. Government of Israel*, 602 F.Supp. 1440, 1443 (S.D.N.Y. 1985).

In accordance with 9 U.S.C. §9, therefore, and the case law cited above, the underlying arbitration award in this case should be confirmed and judgment thereon entered forthwith.

### B. Reed is Entitled to Post-Judgment Interest

In addition to the principal amount of Arbitration Award, Reed is also entitled to her post-Award interest at the California legal rate of 10% per annum. Section 10330(h) of the NASD's Code of Arbitration for claims that were filed before April 16, 2007, provides that any arbitration award not paid within 30 days bears interest from the date of the award:

> "All monetary awards shall be paid within thirty (30) days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award: (1) if not paid within thirty (30) days of receipt, (2) if the award is the subject of a motion to vacate which is denied, or (3) as specified by the arbitrator(s) in the award. Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s)."

In the instant case, White Pacific was served with the Arbitration Award on June 5, 2007; as a result, the last day for it to pay Reed the amounts due under the Arbitration Award was July 5, 2007. In a letter to NASD Dispute Resolution dated July 5, 2007, White Pacific stated that it had mailed to Reed's counsel a check for $5,603.70 to cover the amounts awarded by the Panel for Reed's costs, expenses and filing fees. (Toleno Dec., ¶5, Ex. B) However, White Pacific failed to pay – and continues to fail to pay – the $158,797.10 in attorneys' fees ordered by the Panel. (Toleno Dec., ¶5)

Because White Pacific failed to pay Reed the $158,797.10 within thirty (30) days of service of the Arbitration Award, Reed is entitled to post-judgment interest on this amount at California's legal rate of 10% per annum. *Cal.Civ.Proc. §685.010(a)*. Interest should be calculated from June 5, 2007, which was the date of the Arbitration Award. (Toleno Dec., ¶4, Ex. A).

## III. CONCLUSION

Based on the foregoing, Reed respectfully requests that the concurrently filed Petition be granted in its entirety, that the underlying Arbitration Award be confirmed, and that judgment be entered in favor of Reed and against White Pacific in the amount of $158,797.10, plus post-judgment interest from June 5, 2007, until such time as this amount is fully paid at the legal rate of 10% per annum.

Dated: July 16, 2007            SHUSTAK & PARTNERS, P.C.


                                By: _____
                                Erwin J. Shustak
                                Thomas C. Frost
                                Jonah A. Toleno
                                Email: jtoleno@shufirm.com
                                Robert L. Hill
                                Email: rhill@shufirm.com

                                Attorneys for Petitioner
                                DENISE R. REED