```
 1  Erwin J. Shustak [CBN 119152]
    Thomas C. Frost [CBN 185187]
 2  Jonah A. Toleno [CBN 209600]
    jtoleno@shufirm.com
 3  Robert L. Hill [CBN 241624]
    rhill@shufirm.com
 4  SHUSTAK & PARTNERS, P.C.
    401 West "A" Street, Suite 2330
 5  San Diego, CA 92101
    Telephone: (619) 696-9500
 6  Facsimile: (619) 615-5290

 7  Attorneys for Petitioner
    DENISE R. REED
 8
```

ORIGINAL FILED
07 JUL 16 PM 2:36
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

DENISE R. REED,

    Petitioner,

vs.

WHITE PACIFIC SECURITIES, INC. and ROY L. PANELLI,

    Respondents.

Case No. C 07 3648 CW

DECLARATION OF JONAH A. TOLENO IN SUPPORT OF DENISE R. REED'S PETITION TO CONFIRM ARBITRATION AWARD AGAINST RESPONDENTS WHITE PACIFIC SECURITIES, INC. AND ROY L. PANELLI

JONAH A. TOLENO, an attorney at law admitted to practice before the State and Federal Courts of California, affirms the following to be true under penalty of perjury.

1. I am a partner with Shustak & Partners, P.C., counsel of record herein for Petitioner DENISE R. REED ("Reed"). I make this Declaration in support of Reed's concurrently filed Petition to Confirm Arbitration Award.

2. Reed filed her initial Statement of Claim against Respondents WHITE PACIFIC SECURITIES, INC. ("White Pacific") and ROY L. PANELLI ("Panelli") (collectively "Respondents") with the National Association of Securities Dealers ("NASD") in NASD Case No. 04-03449 on May 4, 2004, and her First Amended Statement of Claim on January 12, 2007.

1  Reed alleged that Respondents had inaccurately reported certain events on her Forms U-4 and
2  U-5 filed with the Central Registration Depository ("CRD"). Reed sought expungement of these
3  inaccurate Forms U-4 and U-5, and alleged causes of action against Respondents for defamation,
4  breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence.

5        3. The arbitration hearing, took place in San Francisco, California, on April 16-18, 2007,
6  before three arbitrators: Sheldon Michaels, Esq., Barbara M. Anscher, Esq., and Jane F.
7  Gundermann (the "Panel"). My law firm, Shustak & Partners, represented Reed at the
8  arbitration.

9        4. The Panel duly served its award ("Arbitration Award") on the parties on June 5, 2007.
10 The Panel found Reed to be the prevailing party and granted her request for expungement of her
11 U-4, U-5 and her CRD records. The Panel assessed against White Pacific the following amounts,
12 to be paid to Reed: $158,797.10 for attorneys' fees, $5,228.70 for costs and expenses, and
13 $375.00 for filing fees, totaling $164,400.80. The Panel did not find Panelli personally liable for
14 any of these amounts, although the Panel did deny Panelli's request for expungement. A true and
15 correct copy of the Panel's Arbitration Award, which was served on June 5, 2007, is marked and
16 attached to the Petition to Confirm Arbitration Award as Exhibit "A."

17       5. Pursuant to Section 10330(h) of the NASD Code of Arbitration for claims filed before
18 April 16, 2007, White Pacific's payment of the Arbitration Award amount was due on July 5,
19 2007. In a letter to the NASD dated July 5, 2007, White Pacific stated that it had mailed to Reed's
20 counsel a check for $5,603.70 to cover the amounts awarded by the Panel for Reed's costs,
21 expenses and filing fees. However, White Pacific failed to pay – and continues to fail to pay – the
22 $158,797.10 in attorneys' fees ordered by the Panel and instead stated that it had deposited
23 $158,797.10 into an escrow account. A true and correct copy of White Pacific's letter to NASD
24 Dispute Resolution dated July 5, 2007, is marked and attached hereto as Exhibit "B".

25       6. Neither respondent has filed a motion to vacate, correct or otherwise modify the
26 Arbitration Award before a court of competent jurisdiction.

27
28

2
DECLARATION OF JONAH A. TOLENO

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was made in San Diego, California, this 16th day of July, 2007.

By: _____

Attorney for Petitioner
Email: jtoleno@shufirm.com

# Exhibit A

Award
NASD Dispute Resolution

In the Matter of the Arbitration Between:
Denise R. Reed, Claimant v. White Pacific Securities, Inc. and Roy L. Panelli, Respondents

Case Number: 04-03449                    Hearing Site: San Francisco, California

Nature of the Dispute: Associated Person vs. Member and Associated Person

## REPRESENTATION OF PARTIES

For Claimant:                             Thomas C. Frost, Esq.
                                          Shustak & Partners
                                          San Diego, California

For Respondents:                          Michael Belgatz, Esq.
                                          Berkeley, California

## CASE INFORMATION

Statement of Claim filed: May 4, 2004

First Amended Statement of Claim filed: January 12, 2007

Claimant's Arbitration Brief filed on or about: April 9, 2007

Claimant's Uniform Submission Agreement filed: June 28, 2004

Statement of Answer of Respondents White Pacific Securities, Inc. ("White Pacific") and Roy L. Panelli filed: March 18, 2005

Respondents' Answer to the First Amended Statement of Claim filed: March 2, 2007

Respondents' Arbitration Brief filed: none

## CASE SUMMARY

In her Amended Statement of Claim, Denise R. Reed ("Claimant") alleged that White Pacific Securities, Inc. and Roy L. Panelli ("Respondents") breached the terms of their Independent Contractor Agreement and the implied covenant of good faith and fair dealing. Claimant also alleged that Respondents defamed her and were negligent.

NASD Dispute Resolution
Arbitration No. 04-03449
Award Page 2 of 8

The claims involved the reporting of several events concerning Claimant to the Central Registration Depository ("CRD").

Respondents denied Ms. Reed's allegations of wrongdoing and denied any liability to her.

### RELIEF REQUESTED

In the Statement of Claim, Claimant requested:
1. Damages in the amount of $500,000.00; and
2. Punitive damages in the amount of $500,000.00.

In the First Amended Statement of Claim, Claimant requested:
1. Unspecified compensatory damages;
2. An Award directing NASD Regulation to properly expunge and amend Ms. Reed's CRD record, in accordance with the evidence presented at the hearing; and
3. Attorney fees, expenses and costs.

In the Answer, Respondents requested:
1. Claimant take nothing by virtue of her Statement of Claim;
2. The claim be dismissed with prejudice; and
3. They be awarded arbitration fees, expenses, and reasonable attorneys' fees incurred in defending this action.

In the Answer to the First Amended Statement of Claim, Respondents requested:
1. Dismissal of Claimant's Claim in its entirety;
2. That Respondent Panelli's CRD record should be ordered expunged; and
3. That all fees and costs should be awarded against Claimant.

### OTHER ISSUES CONSIDERED AND DECIDED

Respondents did not file with NASD Dispute Resolution ("NASD-DR") properly executed submissions to arbitration but are required to submit to arbitration pursuant to the NASD Code of Arbitration Procedure ("the Code") and, having answered Claimant's Claim, appeared and testified at the hearing, are bound by the determination of the Panel on all issues submitted.

On December 16, 2004, Claimant and Claimant's counsel signed a Waiver Agreement expressly waiving any and all rights and benefits under California Civil Code Section 1542 and the California Ethical Standards for Neutral Arbitrators.

NASD Dispute Resolution
Arbitration No. 04-03449
Award   Page 3 of 6

Pursuant to the Code of Arbitration Procedure IM-10100 the waiver of the Claimant shall constitute and operate as a waiver for all member firms and associated persons (including terminated or otherwise inactive member firms or associated persons) against whom the Claim has been filed.

On January 22, 2005, Claimant filed a Motion for Consideration of Remedial Action Against Respondents in Accordance with NASD Code Rule 10314(b)(2)(C) requesting that Respondents be barred from presenting any matter, arguments, or defenses at the hearing. The Panel denied the Motion.

During the pre-hearing telephonic conference held on December 5, 2006, the Panel permitted Claimant to file an Amended Claim.

On April 16, 2007, Respondents moved to Dismiss Claimant's claims based upon the defenses of absolute privilege and release of claims. The Panel denied the Motion.

The parties agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## FINDINGS AND CONCLUSIONS

### Liability

1. Respondents' White Pacific Securities, Inc.'s and Roy L. Panelli's maintenance of Claimant's CRD record was negligent. All other claims against Respondent Roy L. Panelli are denied and dismissed. Further references to "Respondent" shall refer only to White Pacific Securities, Inc.

2. Respondent breached its duties implied in the Independent Contractor Agreement to accurately report and maintain Claimant's CRD system records.

3. Respondent did not breach the implied covenant of good faith and fair dealing.

4. Respondent's U-5 filing reporting that Claimant was convicted of a crime was defamatory. However, the communication of that defamatory filing was privileged.

### Damages

1. Claimant's proffered evidence of damages was speculative, remote and insufficient to support an award of damages in this case.

2. Claimant is the prevailing party in this arbitration.

NASD Dispute Resolution
Arbitration No. 04-03449
Award   Page 4 of 8

## AWARD

After considering the pleadings, testimony, and evidence presented at the hearing, and the post-hearing submissions, the Panel decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's request for compensatory damages is denied.

2. Claimant's request for punitive damages is denied.

3. Claimant's request for expungement is granted. Accordingly, the Panel recommends the Expungement of the following disclosures on Claimant's U-4, U-5 and CRD records based upon the accompanying affirmative findings of fact, with the understanding that pursuant to NASD Notice to Members 04-16, and except for the defamatory findings in ¶¶ f and g below, Claimant must obtain confirmation from a court of competent jurisdiction before the CRD will execute the Expungement directive:

   a. Occurrence 597302, CRD System Report as of 04/04/2007 at p. 19: This is a criminal disclosure reported on Claimant's U-4 form regarding felony vandalism and aggravated assault charges. The occurrence stems from an affirmative response to Question 23A.(1)(b) on Claimant's Form U-4. Both charges have been dismissed by the Tennessee State Court on April 16, 2001. The Panel finds that based upon the May 22, 2007 Tennessee Court Order of Expungement, and pursuant to NASD Rule 2130(3), the information is clearly erroneous as stipulated by the Parties.

   b. Occurrence 1187925, CRD System Report as of 04/04/2007 at p. 20: This is an internal review disclosure reported on Claimant's U-5 form based on a customer complaint alleging unacceptable conduct. This occurrence stems from an affirmative response to Question 7E.3.(b) on Claimant's U-5 form. The Panel finds pursuant to NASD Rule 2130(3) that the information is clearly erroneous as stipulated by the Parties because the complaint was not customer-initiated and was not investment-related.

   c. Occurrence 1154836, CRD System Report as of 04/04/2007 at p. 22: This is a customer complaint disclosure reported on Claimant's U-4 form in response to Question 14I.(3)(a) related to the same circumstances set forth in ¶ b above. The Panel finds pursuant to NASD Rule 2130(3) that the information is clearly erroneous as stipulated by the Parties.

NASD Dispute Resolution
Arbitration No. 04-03448
Award   Page 5 of 8

d. Occurrence 1187922, CRD System Report as of 04/04/2007 at p. 26: This is a regulatory action disclosure reported on Claimant's U-5 form initiated by NASD regarding fraud. The Panel finds pursuant to NASD Rule 2130(3) that the information was not securities related and is clearly erroneous as stipulated by the Parties.

e. Occurrence 1187923, CRD System Report as of 04/04/2007 at p. 26: This is an investigation disclosure reported on Claimant's U-5 form related to the circumstances referred to in ¶¶ f and g below. The Panel finds pursuant to NASD Rule 2130(3) that the information was resolved at civil trial in Nevada and is clearly erroneous as stipulated by the Parties.

f. Occurrence 1186065, CRD System Report as of 04/04/2007 at p. 24: This is a criminal conviction and misdemeanor fraud disclosure erroneously reported on Claimant's U-4 form in response to Question 14B.(1)(e). The Panel finds this occurrence to have been a civil matter that was not investment or securities related and that the information in the CRD system is defamatory.

g. Occurrence 1187926, CRD System Report as of 04/04/2007 at p. 27: The Panel finds this occurrence to have been a civil matter and that the information in the CRD system is defamatory. This is a termination disclosure reported in response to Questions 7A, 7B, 7C.3, 7D, 7E.1.3, 7E.3 and 7F.1 and 2. on Claimant's U-5 form erroneously alleging that Claimant was terminated based on a misdemeanor-criminal fraud conviction. The Panel finds this occurrence to have been a civil matter and that the information in the CRD system is defamatory.

4. Claimant's request for attorney fees and other costs and expenses is granted pursuant to the terms and conditions of the Independent Contractor Agreement as follows:

a. Attorney's fees in the amount of $156,797.10 are awarded to Claimant assessed against Respondent White Pacific Securities, Inc.

b. Costs and expenses in the amount of $5,228.70 are awarded to Claimant assessed against Respondent White Pacific Securities, Inc.

5. Respondent White Pacific Securities, Inc. is liable to and shall pay Claimant the sum of $375.00 as reimbursement for Claimant's filing fee.

6. Respondent Roy L. Panelli's request that the above-captioned arbitration be expunged from his CRD record is denied.

7. All other relief requested and not expressly granted is denied.

NASD Dispute Resolution
Arbitration No. 04-03449
Award   Page 8 of 8

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD-DR received or will collect the non-refundable filing fees for each claim as follows:

| | |
|---|---|
| Initial claim filing fee | = $375.00 |

### Member Fees
Member fees are assessed to each member firm that is either a party in the matter or an employer of a respondent associated person at the time of the events that gave rise to the dispute, claim, or controversy. Accordingly, White Pacific is a party and the following fees are assessed:

| | |
|---|---|
| Member Surcharge | = $2,250.00 |
| Pre-Hearing Process Fee | = $ 750.00 |
| Hearing Process Fee | = $4,000.00 |
| Total Member Fees | = $7,000.00 |

### Adjournment Fees
The following adjournment fees are assessed:

The Panel granted Claimant's request to postpone the September 6-8, 2005, hearing dates and assessed the $1,200.00 postponement fee to Claimant.

The Parties agreed to postpone the May 22-24, 2006, hearing dates in order to mediate their dispute through NASD-DR. Pursuant to Rule 10403(b) of the Code, NASD-DR waived the postponement fee.

### Forum Fees and Assessments
The Panel assessed forum fees for each session conducted or each decision rendered on a discovery-related motion on the papers. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

(2) Decisions on discovery-related motions on the papers
with a single arbitrator @ $200.00 per decision                    =    $400.00
Respondents submitted two discovery-related motions

(1) Pre-hearing conference session with a single arbitrator
@ $450.00/session                                                   =    $450.00
Pre-hearing conference:   April 13, 2007      1 session

08/05/2007 18:21 FAX                                                             @011/015

NASD Dispute Resolution
Arbitration No. 04-03449
Award  Page 7 of 8

| | | | | |
|---|---|---|---|---|
| (2) Pre-hearing conference sessions with the Panel @ $1,200.00/session | | | = | $2,400.00 |
| Pre-hearing conferences: | February 16, 2005 | 1 session | | |
| | December 5, 2006 | 1 session | | |
| (6) Hearing sessions @ $1,000.00/session | | | = | $6,000.00 |
| Hearing Dates: | April 16, 2007 | 2 sessions | | |
| | April 17, 2007 | 2 sessions | | |
| | April 18, 2007 | 2 sessions | | |
| **Total Forum Fees** | | | = | **$9,250.00** |

The Panel assessed $100.00 of the forum fees to Claimant Denise R. Reed in connection with the Chairperson's decision of March 28, 2006, regarding a discovery-related motion.

The Panel assessed $9,150.00 of the forum fees to Respondent White Pacific.

### Fee Summary

1. Claimant Denise R. Reed is charged with the following fees and costs:

| | |
|---|---|
| Initial Filing Fee | = $    375.00 |
| Adjournment Fee | = $  1,200.00 |
| Forum Fees | = $    100.00 |
| Total Fees | = $  1,675.00 |
| Less Payments | = $( 2,775.00) |
| **Refund Due Claimant** | = $( 1,100.00) |

2. Respondent White Pacific is charged with the following fees and costs:

| | |
|---|---|
| Member Fees | = $  7,000.00 |
| Forum Fees | = $  9,150.00 |
| Total Fees | = $ 16,150.00 |
| Less Payments | = $( 7,000.00) |
| Less Unused Mediation Deposit | = $(    350.00) |
| **Balance Due NASD-DR** | = $  8,800.00 |

All balances are payable to NASD Dispute Resolution and are payable upon the receipt of the Award pursuant to Rule 10330(g) of the Code.

Jul. 16. 2007 11:54AM   Class Action Research                              No. 6895   P. 23

NASD Dispute Resolution
Arbitration No. 04-03443
Award Page 8 of 9

### ARBITRATION PANEL

| | |
|---|---|
| Sheldon Michaels, Esq. | Public Arbitrator, Presiding Chair |
| Barbara M. Anscher, Esq. | Public Arbitrator |
| Jane P. Gundermann | Non-Public Arbitrator |

**Concurring Arbitrators' Signatures**

_Sheldon Michaels_
Sheldon Michaels, Esq.
Chair, Public Arbitrator

June 4, 2007
Signature Date

_____
Barbara M. Anscher, Esq.
Public Arbitrator

_____
Signature Date

_____
Jane P. Gundermann
Non-Public Arbitrator

_____
Signature Date

6/5/07
Date of Service

NASD Dispute Resolution
Arbitration No. 04-08440
Award, Page 1 of 1

## ARBITRATION PANEL

| | | |
|---|---|---|
| Sheldon Michaels, Esq. | - | Public Arbitrator, Presiding Chair |
| Barbara M. Anscher, Esq. | - | Public Arbitrator |
| Jane P. Gundermann | - | Non-Public Arbitrator |

### Concurring Arbitrators' Signatures

_____
Sheldon Michaels, Esq.
Chair, Public Arbitrator

Signature   Date

*/s/ Barbara M. Anscher*
Barbara M. Anscher, Esq.
Public Arbitrator

6-1-07
Signature   Date

_____
Jane P. Gundermann
Non-Public Arbitrator

Signature   Date

6/5/07
Date of Service

# Exhibit B

# SULLWOLD & HUGHES
ATTORNEYS AT LAW
235 MONTGOMERY STREET, SUITE 730
SAN FRANCISCO, CALIFORNIA 94104

FAX (415) 989-9798
TELEPHONE (415) 263-1850

DIRECT DIAL
(415) 263-1855

E MAIL
rts@greensramps.com

July 5, 2007

BY FAX AND REGULAR MAIL

Derek L. Sorrells
NASD Dispute Resolution
300 South Grand Avenue, Suite 900
Los Angeles, California 90071

      Re: Denise Reed v. White Pacific Securities, Inc. et al.
          (NASD Arb. No. 04-02449)

Dear Mr. Sorrells:

    Following up on your letter of June 28, please be advised as follows:

- My client, respondent White Pacific Securities ("White Pacific"), today mailed a check in the amount of $5,603.70 to claimant's counsel. This amount represents the sum of the costs and reimbursement for the filing fee the panel ordered White Pacific to pay to claimant in the Award served on June 5 (the "Award").
- In addition, White Pacific has established an escrow with the law firm of Lippenberger, Thompson, Welch, Soroko & Gilbert LLP, 201 Tamal Vista Blvd., Corte Madera, CA 94925 and today wired-transferred $158,797.10 to that firm's trust account. This represents the amount of attorneys' fees the panel ordered White Pacific to pay claimant in the Award. The escrow instructions provide that the escrow holder is to disburse the funds in accordance with the decision of the panel on White Pacific's motion to modify the Award as to attorneys' fees.

    I was copied on Mr. Frost's letter to you of the 28th in which he asserted that White Pacific "do[es] not intend to pay" the Award and demanded that you "commence proceedings to suspend or cancel [White Pacific's] membership." The factual allegation made by Mr. Frost was inaccurate at the time it was made and it is even less credible now in light of the actions taken by White Pacific described above. Likewise, the demand made by Mr. Frost was premature and inappropriate at the time it was made and it has even less merit now. Simply put, White Pacific has asked the panel to consider a legal issue that, it believes, will result in modification of the Award; at the same time, it has taken steps to ensure that claimant will be paid in full if the panel denies the motion. In so doing, White Pacific has shown the good faith expected of NASD member firms.

## SULLWOLD & HUGHES

Derek L. Sorrells
July 5, 2007
Page 2

Please do not hesitate to call with any questions.

Sincerely yours,

Robert T. Sullwold

cc: Thomas C. Frost, Esq. (By FAX and regular mail)