1   Erwin J. Shustak [CBN 119152]
    Thomas C. Frost [CBN 185187]
2   Jonah A. Toleno [CBN 209600]
    jtoleno@shufirm.com
3   Robert L. Hill [CBN 241624]
    rhill@shufirm.com
4   SHUSTAK & PARTNERS, P.C.
    401 West "A" Street, Suite 2330
5   San Diego, CA 92101
    Telephone (619) 696-9500
6   Facsimile (619) 615-5290

7   Attorneys for Petitioner
    DENISE R. REED
8

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
    DENISE R. REED,                    )    Case No. 4:07-CV-03648-CW
12                                      )
            Petitioner,                 )    MEMORANDUM OF POINTS AND
13                                      )    AUTHORITIES IN SUPPORT OF
    vs.                                 )    PETITIONER DENISE R. REED'S   1st
14                                      )    AMENDED PETITION TO CONFIRM
    NATIONAL ASSOCIATION OF             )    ARBITRATION AWARD
15  SECURITIES DEALERS, INC., WHITE     )
    PACIFIC SECURITIES, INC.            )
16  and ROY L. PANELLI,                 )
                                        )
17          Respondents.                )
                                        )
18  _____  )

19                    I.  STATEMENT OF FACTS

20          Petitioner DENISE R. REED ("Reed") brings her First (1st) Amended Petition requesting

21  the Court to confirm an arbitration award granting expungement and totaling $164,400.80, issued

22  in an arbitration before the National Association of Securities Dealers ("NASD"), bearing NASD

23  Case No. 04-03449 (the "Arbitration Award").  A true and correct copy of the Arbitration Award

24  is marked and attached to the Declaration of Jonah A. Toleno ("Toleno Dec."), submitted in

25  support of this Petition as Exhibit "A".

26          Reed filed her initial Statement of Claim against Respondents WHITE PACIFIC

27  SECURITIES, INC. ("White Pacific") and ROY L. PANELLI ("Panelli") with NASD in NASD

28  Case No. 04-03449 on May 4, 2004, and her First Amended Statement of Claim on January 12,

                                        1

1   2007. (Toleno Dec., ¶2) Reed alleged that White Pacific and Panelli had inaccurately reported

2   certain events on her Forms U-4 and U-5 filed with the Central Registration Depository

3   ("CRD"). Reed sought expungement of these inaccurately reported events on her Forms U-4 and

4   U-5, and alleged causes of action for defamation, breach of contract, breach of the implied

5   covenant of good faith and fair dealing, and negligence. (Toleno Dec., ¶2.)

6        The matter proceeded to hearing in San Francisco, California, on April 16-18, 2007.

7   (Toleno Dec., ¶3.) The arbitration panelists (the "Panel") made their decision shortly thereafter

8   and the NASD served the Arbitration Award on the parties on June 5, 2007. (Toleno Dec., ¶4.)

9   The Panel held that White Pacific and Panelli had not accurately reported and maintained Reed's

10  CRD records, and thus granted Reed's request for expungement of inaccuracies on her U-4, U-5

11  and her CRD records. (Toleno Dec., ¶4.)

12       Of the seven occurrences on Reed's U-4, U-5 and CRD records for which Reed sought

13  amendment, the panel recommended (a) expungement of five of the occurrences (occurrences "a"

14  - "e" as referenced on the Arbitration Award) on the basis that they were "clearly erroneous", and

15  (b) expungement of two of the occurrences (occurrences "f" and "g" as referenced on the

16  Arbitration Award) on the basis that they were "defamatory". (Toleno Dec., ¶5, Ex. A, pp. 4-5.)

17  The Panel determined that Reed was the prevailing party and awarded Reed her reasonable

18  attorneys' fees and costs incurred in bringing the arbitration matter. (Toleno Dec., ¶¶4-6.)

19       As a result, the Panel assessed against White Pacific the following amounts to be paid to

20  Reed: **$158,797.10** for attorneys' fees, **$5,228.70** for costs and expenses, and **$375.00** for filing

21  fees. (Toleno Dec., ¶6.) White Pacific has since submitted payment to Reed in the amount of

22  $5,603.70 for Reed's costs and filing fees; however, White Pacific has not paid any portion of the

23  $158,797.10 required by the Arbitration Award.

24       In a letter to the NASD dated July 5, 2007, White Pacific stated that it had mailed to

25  Reed's counsel a check for $5,603.70 to cover the amounts awarded by the Panel for Reed's

26  costs, expenses and filing fees. However, White Pacific failed to pay – and continues to fail to

27  pay – the $158,797.10 in attorneys' fees ordered by the Panel and instead stated that it had

28  deposited $158,797.10 into an escrow account. A true and correct copy of White Pacific's letter

1  dated July 5, 2007, is marked and attached to the Toleno Declaration as Exhibit "B". (Toleno

2  Dec., ¶7.)

3

4                                    II. **ARGUMENT**

5          A.     **The Arbitration Award Should be Confirmed.**

6          9 U.S.C. § 9 provides that any party to an arbitration may apply to a District Court to have

7  an arbitration award confirmed.   The party should bring the petition in the District where the

8  arbitration proceeding occurred.   9 U.S.C. § 9.  Therefore, because Reed's arbitration against

9  Respondents occurred in San Francisco, Reed can bring this petition in the United States District

10 Court for the Northern District of California.

11         Furthermore, the Federal Arbitration Act mandates that a court must grant the order

12 confirming an arbitration award unless the award has been vacated, modified, or amended.  9

13 U.S.C.§9.  The Ninth Circuit Court of Appeals discussed the standards for a district court's review

14 of arbitration awards in *Rostad & Rostad Corp.* v. *Investment Management & Research, Inc.*, 923

15 F.2d 694 (9th Cir. 1991).  The Ninth Circuit was clear that the showing required to avoid summary

16 confirmation of an arbitration award is high, such that  "[d]eference to the arbitrators is the rule."

17 *Id.* at 697.  The proceeding to confirm an arbitration award is intended to be summary, and the

18 District Court must grant such an order unless the award is vacated, modified, or corrected.  *Id.*

19 Consequently, the criteria for vacating are difficult to meet, and require clear evidence of impropriety

20 to justify denial of summary confirmation. See 9 U.S.C. §§ 10, see also *Sperry Intern. Trade, Inc.*

21 v. *Government of Israel*, 602 F.Supp. 1440, 1443 (S.D.N.Y. 1985).

22         In accordance with 9 U.S.C. §9, therefore, and the case law cited above, the underlying

23 arbitration award in this case should be confirmed and judgment thereon entered forthwith.

24         B.     **Reed is Entitled to Post-Judgment Interest**

25         In addition to the principal amount of Arbitration Award, Reed is also entitled to her post-

26 Award interest at the California legal rate of 10% per annum.  Section 10330(h) of the NASD's Code

27 of Arbitration for claims that were filed before April 16, 2007, provides that any arbitration award

28 not paid within 30 days bears interest from the date of the award:

1
2
3
4

"All monetary awards shall be paid within thirty (30) days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award: (1) if not paid within thirty (30) days of receipt, (2) if the award is the subject of a motion to vacate which is denied, or (3) as specified by the arbitrator(s) in the award. Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s)."

5    In the instant case, White Pacific was served with the Arbitration Award on June 5, 2007;

6  as a result, the last day for it to pay Reed the amounts due under the Arbitration Award was July 5,

7  2007.  However, White Pacific failed to pay – and continues to fail to pay – the $158,797.10 in

8  attorneys' fees ordered by the Panel. (Toleno Dec., ¶5, Ex. B.)

9    Because White Pacific failed to pay Reed the $158,797.10 within thirty (30) days of service

10  of the Arbitration Award, Reed is entitled to post-judgment interest on this amount at California's

11  legal rate of 10% per annum.  Cal.Civ.Proc. §685.010(a).  Interest should be calculated from June

12  5, 2007, which was the date of the Arbitration Award.  (Toleno Dec., ¶4, Ex. A).

13    **C.    Reed is Entitled to Attorneys' Fees and Costs Incurred in Bringing this Petition**

14

15    The Independent Contractor Agreement between Reed and White Pacific provides that "In

16  the event any dispute among the parties should result in litigation or arbitration, the prevailing party

17  in such a dispute shall be entitled to recover from the non-prevailing party all reasonable fees, costs,

18  expenses of enforcing any right of the prevailing party, including, without limitation, reasonable

19  attorneys' fees and expenses." A true and correct copy of the Independent Contractor Agreement is

20  marked and attached to the Toleno Declaration as Exhibit "C."

21    Reed brings this Petition in accordance with the Independent Contractor Agreement in an

22  attempt to enforce her rights as the prevailing party. Therefore, she is entitled to attorneys' fees and

23  costs. Upon order of the court, she will submit an application setting forth her attorneys' fees and

24  costs incurred in this action.

25    **III. CONCLUSION**

26    Based on the foregoing, Reed respectfully requests that: (a)  the concurrently filed Petition

27  be granted; (b) the underlying Arbitration Award, including the monetary awards and granting

28  expungement of Reed's U-4, U-5, and CRD records, be confirmed in its entirety; (c) judgment be

4

1  entered in favor of Reed and against White Pacific in the amount of $158,797.10, plus post-judgment

2  interest from June 5, 2007, until such time as this amount is fully paid at the legal rate of 10% per

3  annum, and (d), upon application to the Court, Reed be reimbursed her reasonable attorneys' fees

4

5  and costs incurred in bringing this Petition.

6  DATED: July 24, 2007                    Submitted by,

7                                          SHUSTAK & PARTNERS, P.C.
                                           ERWIN J. SHUSTAK
8                                          THOMAS C. FROST
                                           JONAH A. TOLENO
9                                          ROBERT L. HILL

10                                         s/Jonah A. Toleno
                                           Attorney for Petitioner
11                                         Email: jtoleno@shufirm.com

12                                         401 West "A" Street, Suite 2330
                                           San Diego, CA 92101
13                                         Telephone: (619) 696-9500
                                           Facsimile: (619) 615-5290
14
                                           Attorneys for Petioner DENISE R. REED
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES                    4:07-CV-03648-CW