ROBERT T. SULLWOLD (SBN 88139)
JAMES A. HUGHES (SBN 88380)
SULLWOLD & HUGHES
235 Montgomery Street, Suite 730
San Francisco, CA 94104
(415) 263-1850
(415) 989-9798 FAX

Attorneys for
Respondent White Pacific Securities, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE R. REED,<br><br>　　　　　Petitioner<br><br>　　v.<br><br><br>WHITE PACIFIC SECURITIES, INC.<br>and ROY L. PANELLI,<br><br>　　　　　Respondents. | Case No.: C07-3648 CW<br><br>**WHITE PACIFIC'S ANSWER TO REED'S PETITION TO CONFIRM ARBITRATION AWARD** |

　　　　For its Answer to Petitioner Denise R. Reed's Petition to Confirm Arbitration Award Against Respondents White Pacific Securities, Inc. and Roy L. Panelli, respondent White Pacific Securities. Inc. ("White Pacific") admits, denies, and alleges as follows:

**JURISDICTION AND VENUE**

　　　　1.　　White Pacific admits the document attached to Exhibit A to the Declaration of Jonah A. Toleno is a true and correct copy of the arbitration award issued in the matter of <u>Denise R. Reed, Claimant</u> v. <u>White Pacific Securities, Inc. and Roy L. Panelli</u>, NASD Dispute Resolution Case No. 04-03449. White Pacific denies, however, that this Court has subject-matter jurisdiction over this action.

　　　　2.　　White Pacific admits that, if this Court had subject-matter jurisdiction over this action, venue would be proper in this District. White Pacific denies, however, that this Court has

1

1  subject-matter jurisdiction over this action. As the subsequent allegations of the Petition themselves
2  demonstrate, diversity jurisdiction under 28 U.S.C. § 1332 does not exist because petitioner and one of
3  the named respondents are citizens of the same State. In addition, the Federal Arbitration Act, 9 U.S.C.
4  § 1, et seq., does not confer federal question jurisdiction over this action, and the Petition alleges no
5  independent basis for such jurisdiction under 28 U.S.C. § 1331. See Carter v. Health Net of California,
6  Inc., 374 F.3d 830 (9th Cir. 2004).

**PARTIES**

8      3.    White Pacific admits the allegations of paragraph 3 on information and belief.
9      4.    White Pacific admits the allegations of paragraph 4.
10     5.    White Pacific denies that respondent Roy L. Panelli is an employee of White
11 Pacific.

**MATERIAL ALLEGATIONS**

13     6.    White Pacific objects to the "incorporation by reference" into the Petition of a
14 declaration from petitioner's counsel. Nevertheless, having reviewed the declaration, White Pacific
15 admits that the statements made by counsel in paragraphs 2, 3 and 6 appear to be true. As to paragraph
16 4 of counsel's declaration, White Pacific admits that the document attached as Exhibit A to counsel's
17 declaration is a true and correct copy of the arbitration award and alleges that the award speaks for itself.
18 White Pacific is constrained to note, however, that the panel denied petitioner's request for
19 compensatory and punitive damages and, indeed, she recovered no monetary relief on her claims. As to
20 paragraph 5 of counsel's declaration, White Pacific admits that, on or about July 5, 2007, it sent a check
21 for $5,603.70 to petitioner's counsel in payment of the costs and filing fees awarded by the panel and
22 that, on the same day, it deposited the sum of $158,797.10 in an escrow account pending the panel's
23 ruling on White Pacific's motion to modify the award as to attorneys' fees. White Pacific alleges that,
24 its motion having been denied by the panel, it sent the entire amount held in the escrow account by wire
25 transfer to petitioner's counsel on or about August 1, 2007. White Pacific further alleges that, after
26 petitioners' counsel demanded payment of additional sums as post-judgment interest, White Pacific sent
27 the sum of $2,480.07 by wire transfer to petitioner's counsel on or about August 10, 2007.
28     7.    White Pacific admits that paragraph 7 accurately describes the allegations made

by petitioner in her Amended Statement of Claim submitted to NASD Dispute Resolution.

8. White Pacific admits that the arbitration hearing was conducted on April 16-18, 2007 and that thereafter the panel issued its award.

9. White Pacific admits that NASD Dispute Resolution staff served the arbitration award on June 5, 2007. White Pacific alleges that the award speaks for itself. White Pacific is constrained to note, however, that the panel denied petitioner's request for compensatory and punitive damages and, indeed, she recovered no monetary relief on her claims.

10. White Pacific denies that it has submitted payment only of the amount awarded to petitioner for costs and expenses and alleges that, in fact, it sent the entire amount being held in escrow -- $158,797.10 --  by wire transfer to petitioner's counsel on or about August 1, 2007. White Pacific further alleges that, after petitioners' counsel demanded payment of additional sums as post-judgment interest, White Pacific sent the sum of $2,480.07 by wire transfer to petitioner's counsel on or about August 10, 2007.

### FIRST AFFIRMATIVE DEFENSE

1. This Court lacks subject-matter jurisdiction over this action. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist because petitioner and one of the named respondents are citizens of the same State. In addition, the Federal Arbitration Act, 9 U.S.C. § 1, et seq., does not confer federal question jurisdiction over this action, and the Petition alleges no independent basis for such jurisdiction under 28 U.S.C. § 1331. See Carter v. Health Net of California, Inc., 374 F.3d 830 (9th Cir. 2004).

### SECOND AFFIRMATIVE DEFENSE

2. White Pacific has paid, and petitioner has accepted payment of, all sums ordered by the arbitration panel to be paid by White Pacific to petitioner for costs, expenses, and attorneys' fees. In addition, petitioner demanded, White Pacific paid, and petitioner accepted payment of post-judgment interest. Petitioner's request for monetary relief is therefore barred by the doctrines of accord and satisfaction and estoppel.

WHEREFORE, respondent White Pacific Securities prays that, if this Court decides it has subject-matter jurisdiction over this action, it enter judgment as follows:

1. The Petition be denied insofar as it seeks an order requiring White Pacific to pay any amount to petitioner or her counsel.

2. The Petition be granted insofar as it seeks confirmation of the award recommending expungement of petitioner's U-4 and U-5.

3. Each party shall bear its own attorneys' fees and costs.

DATED: September 24, 2007

ROBERT T. SULLWOLD
JAMES A. HUGHES
SULLWOLD & HUGHES

s/ Robert T. Sullwold
Robert T. Sullwold
Attorneys for
Respondent
White Pacific Securities, Inc.

WHITE PACIFIC'S ANSWER TO REED'S PETITION TO CONFIRM ARBITRATION AWARD