Erwin J. Shustak [CBN 119152]
shustak@shufirm.com
Thomas C. Frost [CBN 185187]
tfrost@shufirm.com
Jonah A. Toleno [CBN 209600]
jtoleno@shufirm.com
SHUSTAK & PARTNERS, P.C.
401 West "A" Street, Suite 2330
San Diego, CA 92101
Telephone (619) 696-9500
Facsimile (619) 615-5290

Attorneys for Petitioner
DENISE R. REED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE R. REED,<br><br>        Petitioner,<br><br>vs.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., WHITE PACIFIC SECURITIES, INC. and ROY L. PANELLI,<br><br>        Respondents. | Case No. 4:07-CV-03648-CW<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER DENISE R. REED'S MOTION FOR AWARD OF ATTORNEYS' FEES<br><br>Hearing Date: January 10, 2008<br>Hearing Time: 2:00 p.m.<br>Judge: Hon. Claudia Wilken<br><br>Petition Filed: July 16, 2007 |

Petitioner DENISE R. REED ("Reed") hereby respectfully submits the following Memorandum of Points and Authorities in Support of her Motion for Award of Attorneys' Fees ("Motion"):

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Petitioner DENISE R. REED ("Reed") brings this Motion against Respondent White Pacific Securities, Inc. ("White Pacific") to recover her attorneys' fees, costs and expenses incurred in the enforcement of her rights as the prevailing party, including bringing her Petition and 1stt Amended Petition ("Petition") to Confirm the award (the "Award") issued in her favor

by Respondent FINANCIAL INDUSTRY REGULATORY AUTHORITY ("FINRA", f/k/a National Association of Securities Dealers or NASD) in the arbitration underlying Reed's Petition.

This Motion is based on an Independent Contractor Agreement (the "Agreement") between Reed and White Pacific, signed by Reed on December 14, 2000 and by White Pacific on May 14, 2001. A true and correct copy of the Agreement is marked and attached as Exhibit "A" to the concurrently filed Declaration of Jonah A. Toleno, Esq. ("Toleno Declaration" or "Toleno Dec."). Pursuant to the Agreement and the Award, Reed is entitled to payment of her attorneys' fees, costs and expenses as set forth herein. A true and correct copy of the Award is marked and attached as Exhibit "B" to the concurrently filed Declaration of Jonah A. Toleno, Esq. ("Toleno Declaration" or "Toleno Dec.").

Accordingly, Reed brings this Motion for an Award of her Attorneys' Fees, Costs and Expenses incurred in enforcing her rights as the prevailing party in the underlying arbitration.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

Reed filed her initial Statement of Claim against Respondents WHITE PACIFIC SECURITIES, INC. ("White Pacific") and ROY L. PANELLI ("Panelli") with NASD in NASD Case No. 04-03449 on May 4, 2004, and her First Amended Statement of Claim on January 12, 2007. (Toleno Dec., ¶2.) At all times relevant to Reed's Statement of Claim, First Amended Statement of Claim, the underlying arbitration, and this action, there was and is in effect an Independent Contractor Agreement (the "Agreement") between Reed and White Pacific, which provides that, "In the event any dispute among the parties should result in litigation or arbitration, the prevailing party in such a dispute shall be entitled to recover from the non-prevailing party all reasonable fees, costs, expenses of enforcing any right of the prevailing party, including, without limitation, reasonable attorneys' fees and expenses.". (Exh. A; Toleno Dec. ¶2.)

Reed alleged in her Statements of Claim that White Pacific and Panelli had inaccurately reported certain events on her Forms U-4 and U-5 filed with the Central Registration Depository ("CRD"). Reed sought expungement of these inaccurately reported events on her Forms U-4 and U-5, and alleged causes of action for defamation, breach of contract, breach of the implied

covenant of good faith and fair dealing, and negligence. (Toleno Dec., ¶3.)

The matter proceeded to hearing in San Francisco, California, on April 16-18, 2007. (Toleno Dec., ¶4.) The arbitration panelists (the "Panel") made their decision shortly thereafter and the NASD served the Award on the parties on June 5, 2007. (Exh. B, Toleno Dec., ¶4.) The Panel held that White Pacific and Panelli had not accurately reported and maintained Reed's CRD records, and thus granted Reed's request for expungement of inaccuracies on her U-4, U-5 and her CRD records. (Exh. B, Toleno Dec., ¶5.)

Of the seven occurrences on Reed's U-4, U-5 and CRD records for which Reed sought amendment, the panel recommended (a) expungement of five of the occurrences (occurrences "a" - "e" as referenced on the Arbitration Award) on the basis that they were "clearly erroneous", and (b) expungement of two of the occurrences (occurrences "f" and "g" as referenced on the Arbitration Award) on the basis that they were "defamatory". (Exh. B, Toleno Dec., ¶6.) The Panel determined that Reed was the prevailing party and awarded Reed her reasonable attorneys' fees and costs incurred in bringing the arbitration matter. FINRA required Reed to confirm the Award before it would execute the expungement relief set forth in the Award. (Exh. B, Toleno Dec., ¶7.) In accordance with the Award, Reed filed her Petition to Confirm the Arbitration Award on July 16, 2007, and First Amended Petition on July 24, 2007. (Toleno Dec., ¶7.)

In the meantime, on July 6, 2007, White Pacific filed with FINRA a Motion to Modify Arbitration Award as to Attorneys' Fees. In addition to formally opposing the motion, Reed's counsel exchanged multiple correspondences with FINRA concerning White Pacific's refusal to pay the attorneys' fees awarded to Reed. The Panel ruled in Reed's favor. (Toleno Dec. ¶8.) True and correct copies of White Pacific's Motion to Modify Arbitration Award, Reed's Opposition to same, and the Panel's ruling are marked and attached collectively to the Toleno Declaration as Exhibit "C". Pursuant to FINRA Arbitration Code Section 10330(h), White Pacific was required to pay the amounts directed by the Award within thirty (30) days of the date of the Award, or else pay interest at the legal rate on the Award amount. (Toleno Dec. ¶9.)

On August 1, 2007, White Pacific paid Reed the following amounts in connection with the arbitration: $158,797.10 for her attorneys' fees, $5,228.70 for her costs and expenses, $375

for filing fees. But it did not timely make its payment, so Reed was forced to incur attorneys' fees in enforcing the interest requirement of FINRA Arbitration Code Section 10330(h). White Pacific eventually paid Reed the interest due on the Award amount pursuant to Section 10330(h), but only after Reed's and White Pacific's counsel exchanged extensive correspondence on the matter. (Toleno Dec. ¶9.)

Since the issuance of the Award, Reed has incurred $42,140.54 in attorneys' fees, costs and expenses in connection with the enforcement of her rights as the prevailing party. In addition to those fees incurred in the drafting, filing, and litigating her petition, Reed has incurred fees arising out of jurisdictional objections raised by White Pacific prior to filing its answer. Although White Pacific did not bring a formal motion asserting its jurisdiction objection, counsel for Reed was called upon to address White Pacific's pre-Answer objections by way of research and substantial correspondence with White Pacific's counsel. (Toleno Dec. ¶10.) A true and correct copy of a summary of Reed's attorneys' fees, costs and expenses is marked and attached to the Toleno Declaration as Exhibit "D".

The fees, costs and expenses sought in this Motion were incurred in the enforcement of Reed's rights as the prevailing party, including responding to White Pacific's Motion to Modify Award and jurisdictional objections; the preparation, filing and litigation of the Petition action; and litigating with FINRA to ultimately reach a joint stipulation for entry of judgment confirming sections 3B-3G of the Award and withdrawing Reed's request for confirmation of Section 3A of the Award (the "Judgment Stipulation", on file with this Court herein). (Toleno Dec. ¶11.)

As part of the Judgment Stipulation FINRA agreed to resolve Section 3A of the Award with Reed outside of the petition litigation, notwithstanding the language of the Award and FINRA rules requiring Reed to confirm the Award before receiving the requested relief. FINRA and Reed entered into the Judgment Stipulation in the interest of efficiency for all parties involved. Since FINRA agrees to resolve Section 3A of the Award without court confirmation, Reed excludes from this Motion the fees she incurred and continues to incur solely in connection with the resolution of Section 3A subsequent to the stipulation and entry of judgment. (Exh. D, Toleno Dec. ¶11.)

### III. ARGUMENT

Reed is entitled to an award of her attorneys' fees as set forth herein pursuant to the Agreement voluntarily entered into by the parties, which provides that the prevailing party is entitled to recover from the non-prevailing party all reasonable fees, costs, expenses of enforcing any right of the prevailing party, including, without limitation, reasonable attorneys' fees and expenses. (Exh. B.)

FINRA explicitly named Reed the "prevailing party" in the underlying arbitration. FINRA also unequivocally stated in its Award that court confirmation of the Award was mandatory in order for FINRA to execute the relief awarded to Reed. (Exh. A.). Accordingly, the fees Reed incurred in the preparation, filing, litigation, and conclusion of her Petition, as well as all her counsel's dealings with White Pacific's counsel (including opposing White Pacific's Motion to Modify Award) after the issuance of the Award, were brought about by her attempts to enforce her rights as the Prevailing Party.

Reed brings this Motion in good faith. The attorneys' fees, costs and expenses sought in this Motion were incurred solely through Reed's compliance with FINRA requirements for enforcing the Award. By working with FINRA to reach the Judgment Stipulation, Reed and her counsel have saved the parties a great deal of time, money and resources, in that the resolution of this action required no additional motion practice, hearings, or appearances by counsel. (Toleno Dec., ¶13.)

Pursuant to the Agreement, Reed is entitled to full reimbursement of her attorneys' fees, costs, and expenses of bringing this litigation.

### IV. CONCLUSION

For all of the foregoing reasons, Reed respectfully requests that this Court grant her Motion for Attorneys' fees, costs, and expenses of bringing this Petition in the amount of $42,140.54, as set forth herein and in the concurrently filed Proposed Order.

| | |
|---|---|
| DATED: December 5, 2007 | Submitted by,<br><br>SHUSTAK & PARTNERS, P.C.<br>ERWIN J. SHUSTAK<br>THOMAS C. FROST<br>JONAH A. TOLENO<br>ROBERT L. HILL<br><br>s/Jonah A. Toleno<br>Attorney for Petitioner<br>Email: jtoleno@shufirm.com<br><br>401 West "A" Street, Suite 2330<br>San Diego, CA 92101<br>Telephone: (619) 696-9500<br>Facsimile: (619) 615-5290<br><br>Attorneys for Petitioner DENISE R. REED |