ROBERT T. SULLWOLD (SBN 88139)
JAMES A. HUGHES (SBN 88380)
SULLWOLD & HUGHES
235 Montgomery Street, Suite 730
San Francisco, CA 94104
(415) 263-1850
(415) 989-9798 FAX

Attorneys for
Respondent White Pacific Securities, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE R. REED,<br><br>              Petitioner<br><br>    v.<br><br>WHITE PACIFIC SECURITIES, INC.<br>and ROY L. PANELLI,<br><br>              Respondents. | Case No.: C07-3648 CW<br><br>**WHITE PACIFIC'S OPPOSITON TO REED'S MOTION FOR ATTORNEYS' FEES**<br><br>Hearing Date: January 10, 2008<br>Time: 2 p.m.<br>Courtroom: 2 (Hon. Claudia Wilken) |

## I. INTRODUCTION

This case began as an arbitration proceeding by a stockbroker, petitioner Denise Reed ("Reed"), against the brokerage firm with which she had been associated, respondent White Pacific Securities, Inc. ("White Pacific"), to collect damages and obtain equitable relief based on an allegedly defamatory regulatory filing. The arbitrators denied damages but recommended equitable relief and awarded Reed $158,797.10 in attorneys' fees, which White Pacific has paid -- plus interest. The case now has devolved into collateral litigation pursued by Reed's attorneys to obtain even more attorneys' fees from White Pacific.

A judgment confirming the arbitrators' recommendation of equitable relief was entered by this Court on October 10, 2007. Nearly two months later, Reed's attorneys brought the instant motion for an order requiring White Pacific to pay them another $42,140.54 in attorneys' fees. The

1

motion should be denied for five reasons:

- The motion is untimely under Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure and Local Rule 54-6(a).
- Even if the motion were timely, this Court lacks subject-matter jurisdiction over this action and thus it cannot issue the order requested.
- Even if this Court had subject-matter jurisdiction, this action is governed by the Federal Arbitration Act (the "FAA"), which does not authorize attorneys' fees in connection with a petition to confirm an arbitration award.
- Even if California state law, and not the FAA, governed this action, Reed is not entitled to an award of additional attorneys' fees incurred in connection with the arbitration proceedings. Nor is she entitled to an award of attorneys' fees in connection with the litigation she has pursued before this Court.
- Even if Reed's attorneys otherwise would have qualified for an award of attorneys' fees under applicable law, they failed to support their motion as required by Local Rule 54-6(b). In any event, the amount of fees requested against White Pacific is excessive.

## II.  STATEMENT OF FACTS

Ordinarily, one would expect the recitation of the procedural history of a case by the plaintiff (or the petitioner) to be straightforward and therefore not necessitating any response. In this case, however, the recitation offered by Reed's attorneys contains significant omissions that cannot be ignored.

Reed did indeed bring an arbitration proceeding against White Pacific and its former compliance director, Roy Panelli, before the National Association of Securities Dealers ("NASD")[1] based upon allegedly false and defamatory statements on the Forms U-4 and U-5 filed by White Pacific. In addition to seeking expungement of those statements from the records maintained in the Central Registration Depository ("CRD"), she also sought both compensatory and punitive damages -- $500,000

---

[1] After its merger with the New York Stock Exchange, the NASD is now known as the Financial Industry Regulatory Authority ("FINRA"). Hereafter, we will refer to the organization by its current name.

worth of each -- in the original Statement of Claim and "unspecified" compensatory damages in the amended Statement of Claim.[2] After hearing the evidence, the arbitrators denied all of Reed's claims for compensatory and punitive damages, finding that her "proffered evidence of damage was speculative, remote, and insufficient to support an award of damages in this case."[3] The arbitrators, however, found that certain statements made by White Pacific about Reed in the regulatory filings were false and recommended that those statements be expunged from the CRD records. This was not a recommendation that White Pacific itself had any ability to carry out, since only FINRA, not the brokerage firm, may order correction of records maintained by CRD.

The arbitration panel also assessed attorneys' fees of $158,719.10 and costs of $5,228.70 against White Pacific. Although the panel did not cite any authority for this award, it apparently was relying on California Civil Code section 1717, which provides that,

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

One of the claims asserted by Reed in the arbitration proceeding was for breach of contract, specifically the Independent Contractor Agreement between Reed and White Pacific, which contained a paragraph stating that

> In the event any dispute among the parties should result in litigation or arbitration, the prevailing party in such a dispute shall be entitled to recover from the non-prevailing party all reasonable fees, costs, expenses of enforcing any right of the prevailing party, including, without limitation, reasonable attorneys' fees and expenses.[4]

---

[2] See Arbitration Award, attached as Exhibit B to the Declaration of Jonah A. Tonelli, submitted with Reed's motion, at p. 2.

[3] Id. at p. 3.

[4] Paragraph 28 of the Independent Contractor Agreement, attached as Exhibit A to the Toleno Declaration.

3

1  Without discussing any of the standards applied by California courts in determining requests for
2  attorneys' fees under Civil Code section 1717, the arbitrators awarded the entire amount of attorneys'
3  fees sought by Reed's attorneys.

4  After the award was served, White Pacific, through new counsel, submitted a motion
5  asking the arbitrators to apply the standards established by California law for ruling on attorneys' fee
6  requests made pursuant to Civil Code section 1717 and to modify the award as to attorneys' fees
7  accordingly. White Pacific then paid Reed's attorneys the full amount of the costs awarded by the
8  arbitrators and set up an escrow account with a third-party law firm into which it deposited the full
9  amount of attorneys' fees awarded by the arbitrators with instructions that the funds be released to
10 Reed's attorneys if the motion to modify the award was denied. Declaration of Robert T. Sullwold
11 ("Sullwold Decl.") ¶ 3. A few weeks later, the arbitrators denied the motion without oral argument. The
12 arbitrators did not award, nor did Reed's attorneys ask them to award, any attorneys' fees in connection
13 with the motion. White Pacific then directed the escrow holder to wire-transfer the funds being held in
14 the escrow account to Reed's attorneys. The wire transfer was accomplished on August 1, 2007. Id. ¶ 4.

15 Reed's attorneys then demanded that White Pacific also pay them *interest* on the amount
16 of attorneys' fees already awarded and paid. Id. Although the legal basis for this demand was
17 questionable, White Pacific acceded to it and wire-transferred another $2,480.07 to Reed's attorneys on
18 August 10, 2007. Id. ¶ 5.

19 In the meantime, Reed's attorneys filed the instant petition in this Court. A quick review
20 of the petition revealed that it failed to allege an adequate basis for federal subject-matter jurisdiction.
21 Moreover, White Pacific already had paid every penny awarded by the arbitrators and demanded by
22 Reed's attorneys and there appeared to be no need for judicial action to enforce the award against White
23 Pacific. After an exchange of emails failed to resolve these issues, White Pacific's counsel proposed
24 that, to get the matter concluded, Reed should dismiss the federal-court action and re-file a petition in
25 the proper state court. If she did so, White Pacific would not object to an order confirming the award.
26 The only concession White Pacific asked was that Reed's attorneys give up their quest for additional
27 attorneys' fees. Id. ¶ 6. Reed's attorneys rejected the proposal. Id.
28

4

WHITE PACIFIC'S OPPOSITON TO REED'S MOTION FOR ATTORNEYS' FEES

White Pacific was then compelled to, and did, file an Answer to the petition, which set forth the facts discussed above. While preserving the jurisdictional defense, the Answer stated that White Pacific did not oppose confirmation of the expungement recommendation; it only opposed any order requiring White Pacific to pay additional sums to Reed or her attorneys.

Thereafter, Reed's attorneys apparently negotiated the terms of an expungement order with FINRA's counsel. Those negotiations -- to which White Pacific was not a party -- resulted in a stipulation between Reed and FINRA, which was filed on October 5, 2007.[5] This Court entered judgment confirming the expungement recommendation pursuant to the stipulation on October 10, 2007.[6]

On December 5, Reed's attorneys filed their motion seeking additional attorneys' fees.

### III. ARGUMENT

Reed's attorneys filed their motion for attorneys' fees almost two months after this Court entered judgment confirming the arbitrators' expungement recommendation. The motion is therefore untimely. Should the Court nevertheless proceed to the merits, the memorandum filed by Reed's attorneys contains not a single citation to any statute or case justifying their request for additional attorneys' fees. Nor does the accompanying declaration supply the information required by Local Rule 54-6(b). Lacking any legal basis, or any factual support, the motion should be denied.

**A.    The Motion Should Be Denied As Untimely**

Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure requires that a motion for attorneys' fees must be filed no later than 14 days after entry of judgment. So does Local Rule 54-6(a).[7] Here, a judgment confirming the expungement recommendation was entered on October 10, 2007. This motion was not filed until December 5, 2007. It is therefore untimely and should be denied for that reason alone.

---

[5] Document No. 18.

[6] Document No. 19.

[7] Local Rule 54-6(a) also contains a meet-and-confer requirement for attorneys' fees motions, which Reed's attorneys ignored.

### B. The Motion Should Be Denied Because This Court Lacks Subject-Matter Jurisdiction Over This Action

Reed did not bring an action against White Pacific in federal court. Rather, she initiated arbitration proceedings before FINRA. After the arbitration award was issued, she sought to invoke the jurisdiction of this Court to confirm the arbitration award pursuant to section 9 of the FAA, 9 U.S.C. § 9.[8]

It is, however, "well-established" that the FAA itself does not confer federal jurisdiction over a petition to confirm or vacate an arbitration award. Rather, the petitioner must "establish an *independent* basis for federal jurisdiction." Carter v. Health Net of California, Inc., 374 F.3d 830, 834 (9th Cir. 2004) (emphasis supplied), citing Southland Corp. v. Keating, 465 U.S. 1, 15 n.9 (1984) and Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 25 n.32 (1983).

Here, diversity jurisdiction under 28 U.S.C. § 1332 does not exist because Reed and White Pacific both are alleged to be citizens of Nevada.[9] Reed thus can pursue her petition against White Pacific in this Court -- and obtain the relief she seeks by her motion -- only if federal-question jurisdiction exists under 28 U.S.C. § 1331.

The only jurisdictional basis asserted by Reed in her original petition was section 9 of the FAA.[10] But Carter forecloses any argument for federal-question jurisdiction on that basis. Nor can Reed assert federal-question jurisdiction based on the claims alleged in the arbitration proceeding. Her Statement of Claim did not allege any federal claims. And even if it had, Carter likewise forecloses any argument for federal-question jurisdiction on that basis. 374 F.3d at 836.[11]

---

[8] Petitioner Denise R. Reed's Petition to Confirm Arbitration Award Against Respondents White Pacific Securities, Inc. and Roy L. Panelli ("Petition"), Document No. 1, ¶ 1.

[9] Petition ¶¶ 3, 4.

[10] Petition ¶ 2.

[11] Carter did not involve a FINRA arbitration. But the rule requiring a party seeking to confirm an arbitration award in federal court to establish an independent basis for federal jurisdiction applies to FINRA awards as well as to other kinds of arbitral awards. See, e.g., City of Detroit Pension Fund v. Prudential Securities Inc., 91 F.3d 26 (6th Cir. 1996).

WHITE PACIFIC'S OPPOSITON TO REED'S MOTION FOR ATTORNEYS' FEES

After Reed's attorneys filed the petition, they apparently realized they had a jurisdictional problem, for they filed an "amended" petition adding a new paragraph alleging that, "Jurisdiction is also proper in this Court pursuant to FINRA Rule 2130."[12] But this "amendment" does not solve the problem. FINRA Rule 2130 is not a federal statute. Rather, it is a rule providing that, in order to obtain expungement of information from the CRD system, a member or associated person must obtain an order "from a court of competent jurisdiction."[13] The rule does not require the firm or person to seek such an order from a *federal* court. Nor does Reed's petition allege that either White Pacific or FINRA itself failed to comply with Rule 2130. It thus raises no question involving the interpretation of federal law. Reed's attorneys have not cited, and White Pacific has not found, any case in which a court held that Rule 2130 supplied a basis for federal-question jurisdiction over a petition to confirm an arbitration award. There is no reason for this Court to make new law.

### C. The Motion Should Be Denied Because The FAA Does Not Authorize An Award of Attorneys' Fees Incurred In Confirming An Arbitration Award

Even if federal-question jurisdiction existed in this case, the applicable substantive federal law would be the FAA. Reed cannot obtain the order sought by her attorneys unless the FAA authorizes an award of attorneys' fees incurred in confirming an arbitration award. It does not.

The issue was squarely presented in Menke v. Monchecourt, 17 F.3d 1007 (7th Cir. 1994). In that case, a brokerage firm customer had obtained an award from a FINRA arbitration panel that included attorneys' fees. She then brought an action in federal court to confirm the award and requested additional attorneys' fees for seeking confirmation. The district court confirmed the award but denied the request for additional attorneys' fees. The Seventh Circuit affirmed, stating:

> We agree with the district court that there is nothing in the Federal Arbitration Act which provides attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in the federal courts. Thus, without Congressional authority, the district court had no power under the statute to award Menke any additional attorneys' fees she incurred in commencing this action for confirmation.

---

[12] Petitioner Denise R. Reed's First (1st) Amended Petition to Confirm Arbitration Award, Document No. 5. The Amended Petition also added the NASD as a respondent.

[13] The text of the rule is available at http://finra.complinet.com/finra/display/display.html?rbid=1189&record_id=1159000477&element_id=1159000478&highlight=2130#r1159000477.

7

WHITE PACIFIC'S OPPOSITON TO REED'S MOTION FOR ATTORNEYS' FEES

17 F.3d at 1009. In addition, relying on a Fifth Circuit case, Schlobohm v. Pepperidge Farm, Inc., 806 F.2d 578 (5th Cir.1986), the Seventh Circuit stated that, had the district court added attorneys' fees to those already awarded by the FINRA arbitrators, it "would have essentially made an unwarranted modification of the arbitrators' award inconsistent with its limited review under the Federal Arbitration Act." 17 F.3d at 1010.

Menke controls here. Reed chose to file her petition for confirmation in federal court, and she sought confirmation of the arbitration award under the FAA. Having invoked the FAA, she cannot obtain an order the Act does not authorize.

### D. The Motion Should Be Denied Because, Even If California Law Applied, Reed Is Not Entitled to Attorneys' Fees

White Pacific expects that Reed's attorneys will respond to the foregoing point by arguing that they are entitled to attorneys' fees *under state law*, specifically Civil Code section 1717, the statute upon which the FINRA arbitrators apparently based their award of attorneys' fees incurred in the arbitration. The short answer is that this Court is not sitting in diversity and it is federal, not state, law that supplies the rule of decision. But even if California law did govern, the request still should be denied.

The attorneys' fees sought by Reed's attorneys can be broken down into two categories: fees incurred in connection with the arbitration, and fees incurred in connection with litigation before this Court. Reed's attorneys already were awarded, and have been paid, attorneys' fees incurred in the former category through the time of the arbitration award. They now seek additional attorneys' fees for the time spent opposing White Pacific's motion requesting the FINRA arbitrators to modify the award. But Reed did not seek, nor did the arbitrators award, attorneys' fees for opposing the motion. Having failed to obtain those attorneys' fees from the arbitrators, Reed cannot get them from a court.

The issue of whether a court may award attorneys' fees that a party could have sought, but did not seek, from the arbitrators was decided in Corona v. Amherst Partners, 107 Cal.App.4th 701 (2003). In that case, a dispute over a real-estate contract was submitted to binding arbitration. The putative buyer prevailed and was awarded damages. He did not, however, seek, nor was he awarded, attorneys' fees by the arbitrator. He then brought a motion to confirm the arbitration award and asked

*the court* to award the attorneys' fees he had incurred in connection with the arbitration. The trial court denied the motion, and the appellate court affirmed. If a party failed to request attorneys' fees from the arbitrator, a court was not authorized to "correct" the award by tacking on those fees in a confirmation proceeding. To the contrary, "Allowing a party to request that the trial court make an award that was within the scope of the arbitration but not pursued in that forum is inconsistent with the policies underlying the statutory private arbitration scheme." 107 Cal.App.4th at 706. Even if California law applied here, the same rationale leads to denial of Reed's request for additional attorneys' fees incurred in the arbitration.

This leaves fees for the time spent in litigation before this Court. The California courts have held that, where an arbitration agreement contains an attorneys' fees clause, the prevailing party in the arbitration may be entitled to attorneys' fees incurred in obtaining confirmation of an arbitration award in the face of the opposing party's petition to vacate it. Stermer v. Modiano Constr. Co., 44 Cal.App.3d 264 (1975); San Luis Obispo Bay Properties, Inc. v. Pacific Gas & Elec. Co., 28 Cal.App.3d 556 (1972). But that is not this case. After the arbitrators denied its motion for modification, White Pacific paid the award in full – and then paid interest on top of it. Since then, it has done everything it could to *avoid* further litigation. It offered not to oppose a petition to confirm the award if Reed filed it in the proper jurisdiction (as long as her attorneys gave up their quest for additional fees). And when Reed insisted upon pursuing the case in this Court, White Pacific did not file a motion to dismiss for lack of subject-matter jurisdiction (although it preserved its objections). Nor, unlike the parties in Stermer and San Luis Obispo Bay Properties, Inc., did it seek to have the award vacated. Instead, it filed an answer *consenting* to the award's expungement recommendation. Even if California law supplied the rule of decision here, there is no basis for awarding Reed additional attorneys' fees for the time spent obtaining a judgment that White Pacific did not oppose.

### E.  The Motion Should Be Denied Because Reed's Attorneys Have Failed to Support Their Motion As Required By Local Rule 54-6(b)

Local Rule 54-6(b) specifies three categories of information that must be submitted by declaration to support a motion for attorneys' fees. The declaration submitted by Reed's attorneys ignores the first and third of those categories entirely: The Toleno declaration does not state – nor could

9

it – that Reed's attorneys attempted to meet and confer before filing this motion. L.R. 54-6(b)(1). Nor does the declaration identify by name the timekeepers who billed on this matter, much less describe their qualifications, experience and customary hourly rates. L.R. 54-6(b)(3). This failure to comply with the Local Rules alone mandates denial of the motion.

Moreover, even if the computer printout attached to the Toledo declaration is sufficient to comply with Local Rule 54-6(b)(2), that printout shows that the bulk of the time spent by Reeds' attorneys involved negotiating with counsel for FINRA over the terms of an expungement order. As discussed above, White Pacific took the position from the outset that it *consented* to expungement. It was not a party to the negotiations between Reed's attorneys and FINRA over the expungement order, and it had no control over, nor any ability to control, those negotiations. Even if Reed were otherwise entitled to an order requiring White Pacific to pay fees to her attorneys – which, for all of the foregoing reasons, she is not – the amount should be limited to the fees incurred litigating whether the award should be confirmed *against White Pacific* – which are, at best, de minimis. Any other result would allow Reed's attorneys to rack up whatever time they choose in negotiating with FINRA and then hand the bill to White Pacific.

## IV. CONCLUSION

Reed's attorneys improperly invoked the jurisdiction of this Court in the first instance and now are asking the Court to enter an order padding their pockets at White Pacific's expense despite the lack of any legal basis for a request that was, in any event, submitted without compliance with the Local Rules. The motion should be denied.

DATED: December 20, 2007

ROBERT T. SULLWOLD
JAMES A. HUGHES
SULLWOLD & HUGHES

/s Robert T. Sullwold
Robert T. Sullwold
Attorneys for Respondent
White Pacific Securities, Inc.

WHITE PACIFIC'S OPPOSITON TO REED'S MOTION FOR ATTORNEYS' FEES