Erwin J. Shustak (CBN 119152)
Email: shustak@shufirm.com
Thomas C. Frost (CBN 185187)
Email: tfrost@shufirm.com
Jonah A. Toleno (CBN 209600)
Email: jtoleno@shufirm.com
SHUSTAK & PARTNERS, P.C.
410 West "A" Street, Suite 2330
San Diego, California 92101
Telephone: (619) 696-9500
Facsimile: (619) 615-5290

Attorneys for Petitioner
DENISE R. REED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE R. REED,<br><br>　　　　Petitioner,<br><br>vs.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., WHITE PACIFIC SECURITIES, INC., and ROY L. PANELLI,<br><br>　　　　Respondents. | Case No. 4:07-CV-03648-CW<br><br>REPLY TO OPPOSITION TO MOTION FOR AWARD OF ATTORNEYS' FEES |

　　　　Petitioner DENISE R. REED ("Reed"), by and through her counsel, SHUSTAK & PARTNERS, P.C., herby submits the following for her Reply to Respondent WHITE PACIFIC SECURITIES' ("White Pacific's") Opposition to her Motion for Award of Attorneys' Fees (the "Motion") incurred in the enforcement of her rights as the prevailing party in the underlying arbitration. This Reply is supported by the Declaration of Jonah A. Toleno, Esq. ("Toleno Declaration" or "Toleno Dec.") and the exhibits attached thereto, filed concurrently herewith.

A. **Rejection of the Motion on Strictly Procedural Grounds is Not Warranted**

Reed's Motion should not be rejected purely on procedural grounds. Rejection of a prevailing party's motion for attorneys' fees on strictly procedural grounds is not warranted, since the purpose of the filing deadline is to ensure that the opponent is informed of the claim before the time for appeal has lapsed. *Leidel v. Ameripride Services, Inc.*, 322 F. Supp. 2d 1206 (2004). In this case, White Pacific did not intend to appeal the confirmation, as indicated by its agreement to the confirmation in its Answer and Opposition.

White Pacific had ample notice that the Motion would be filed and thus is not prejudiced by the timing of the Motion filing. White Pacific has known for the entirety of this litigation that Reed would request attorneys' fees, and in fact the FINRA arbitration panel explicitly recognized Reed's entitlement to such fees by awarding her her attorneys' fees in the underlying arbitration. (See Arbitration Award [the "Award"], a copy of which is marked and attached to Reed's Motion as Exhibit "B".)

Following the entry of judgment for her Petition, Reed and her counsel continued, and still continue, to work with FINRA, Reed's former Tennessee defense counsel, and the Tennessee state criminal court to obtain an order of expungement for execution of Section 3(a) of the Award, included as an exhibit to her Motion. Thus, Reed and her counsel are still called upon to enforce her rights as the prevailing party, even after the entry of judgment. (Toleno Dec., ¶1.)

Due to delays in the Tennessee court's system, Reed's current counsel and her Tennessee counsel have not been able to obtain the court order despite diligent efforts on their part. Reed continues to incur attorneys' fees in the enforcement of her rights, part of which enforcement includes obtaining the Tennessee expungement order. (Toleno Dec., ¶2.) Nonetheless, Reed as a courtesy excludes from her Motion those fees incurred in connection with obtaining the expungement order after the entry of judgment.

Reed's counsel was not required to meet and confer with White Pacific's attorneys prior to filing her motion, as no dispute existed – or exists – with respect to Reed's status as the prevailing party. In its Answer to Petition, White Pacific conceded to FINRA's designation of Reed in the Award as the "prevailing party" in the underlying arbitration. (Toleno Dec., ¶4.) Since Reed's entitlement to attorneys' fees arises out the contractual agreement voluntarily entered into by both White Pacific and herself in their Independent Contractor Agreement (a copy of which is attached to her moving papers as Exhibit "A"), which explicitly provides that the prevailing party is entitled to reasonable attorneys' fees, no viable dispute existed between the parties as to Reed's entitlement to her fees.

As this Court uses the lodestar method which is calculated by multiplying the reasonable hours expended by a reasonable hourly rate, Reed submits in the concurrently filed Toleno Declaration a summary of each timekeeper's identity and qualifications, as well as a revised billing statement summarizing the time spent by each timekeeper and biographies of the firm and the applicable timekeepers (marked and attached to the Toleno Declaration as Exhibit "A" and "B", respectively.) See *Yahoo! Inc., v. Net Games, Inc.,* 329 F. Supp. 2d 1179 (2004).

Reed's attorneys' fees are reasonable in light of Shustak & Partners' practice area of securities litigation. (See Toleno Dec., ¶¶ 5- 10; Exhibit "B").

The litigation of this confirmation action was complex compared to proceedings not involving criminal record expungements by FINRA. No precedent exists for application of Rule 2130 in certain criminal expungement situations such as Reed's. Indeed, as represented by FINRA's attorneys to Reed's attorneys, FINRA's in-house counsel and outside counsel spent extensive amounts of time conferring amongst themselves and with FINRA's expungement department to determine the appropriate way to deal with confirmation and execution of the Award. Reed and her attorneys continue to work diligently with Reed's Tennessee counsel and FINRA to enforce her

rights as the prevailing party. (Toleno Dec., ¶10-13.) Thus, Reed's attorneys' fees are reasonable, and as set forth below, there are valid, substantive grounds for granting the Motion, so the Motion should not be rejected on merely procedural grounds.

    **B.**     **This Court has Subject Matter Jurisdiction Over this Action Under the Securities Exchange Act**

Federal question jurisdiction is evident on the face of Reed's Petition and First Amended Petition. (See *Demarest v. U.S.*, 718 F. 2d 964 (9th Cir. 1983), holding that dismissal for lack of jurisdiction is not warranted to the extent the complaint pleads facts from which federal jurisdiction clearly may be inferred.) FINRA is subject to regulation by the Securities Exchange Commission ("SEC"), and the SEC must approve every rule proposed by FINRA. Consequently, FINRA's rules, including Rule 2130, which requires Reed to confirm the Award, is promulgated under the Securities Exchange Act ("SEA"). 15 U.S.C.A. § 78aa of the SEA provides that the district courts of the United States "shall have exclusive jurisdiction … of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder."

Reed filed her Petition to enforce FINRA's duty to comply with its own rules and the subsequent duty to execute the relief set forth in the Award in compliance with the Court's confirmation order. Thus her Petition constitutes an action pursuant to 15 U.S.C.A. § 78aa. Further, White Pacific agreed to federal jurisdiction in the Independent Contractor Agreement, and FINRA itself acquiesces to subject matter jurisdiction before this Court. See Agreement, attached to Motion as Exhibit "A". Accordingly, this Court has subject matter jurisdiction over this action.

C. **Reed is Entitled to Attorneys' Fees Because of a Voluntary Contractual Agreement Between the Parties**

White Pacific cites *Menke v. Monchecourt*, 17 F. 3d 1007 (7th Cir. 1994), arguing that Reed is not entitled under the Federal Arbitration Act (FAA) to attorneys' fees. While it is true that the FAA does not specifically provide for attorneys' fees to the prevailing party, the *Menke* court recognized that "*[a]bsent statutory authorization or contractual agreement between the parties*, the prevailing American rule is that each party in federal litigation pays his own attorneys' fees." *Menke*, 17 F. 3d at 1009 (emphasis added). In this action, a written contract exists entitling Reed as the prevailing party to her attorney's fees. Whether or not the FAA makes provision for attorneys' fees is therefore irrelevant in this circumstance in light of the contractual agreement between the parties.

D. **Even if California Law Applied to this Action, Reed is Entitled to Attorneys' Fees**

Even if California law applied to this action, Reed is entitled to her attorneys' fees. *Stermer v. Modiano Constr. Co.*, 44 Cal. App. 3d 264 (1975), cited by White Pacific, supports a finding of Reed's right to attorneys' fees. Contrary to White Pacific's interpretation, the court in *Stermer* did not base its finding of entitlement to attorneys' fees on the existence on a motion to vacate. Rather, the court in *Stermer* actually awarded attorneys' fees to the prevailing party on the basis of a contractual agreement between the parties providing for such, as is the situation in the instant case.

Regardless of whether White Pacific's opposed or agreed to Reed's Petition to Confirm, Reed's attorneys' fees in this action were incurred in the enforcement of her rights as the prevailing party. Part of that enforcement included diligent efforts to obtain a stipulation from FINRA – which actually saved White Pacific from having to pay additional fees pursuant to the Independent Contractor Agreement's attorneys' fees position in that no hearings or other appearances were necessitated.

### E. The Equities Dictate that Reed Should not be Required to Bear the Cost of Enforcing her Rights as the Prevailing Party

This Court has discretion to grant Reed's request on the basis of equities. "The general rule is that a court 'abuses its discretion if it awards contractually-authorized attorney's fees under circumstances that make the award inequitable or unreasonable or fails to award such fees in a situation where inequity will not result." *Anderson v. Melwani*, 179 F. 3d 763 (9th Cir. 1999). In this situation, where a contractual agreement exists between the parties and White Pacific has not been prejudiced by Reed's Motion filing, a substantial inequity will result if Reed is required to bear the cost of enforcing her rights as the prevailing party.

As delineated by FINRA on the Award, White Pacific's reporting of the various occurrences on Reed's broker records requiring expungement was "clearly erroneous", and in some instances, "defamatory". (See Award, attached to the Motion papers as Exhibit "B".) White Pacific's erroneous and/or defamatory reporting required Reed to expend years of burdensome efforts, money and resources to try to clear her name, even though the occurrences were reported through no fault of hers.

When Reed finally obtained the Award from FINRA, she had no choice but to incur additional attorneys' fees to confirm the Award so that FINRA would execute the awarded relief. Contrary to White Pacific's allegations in its Opposition, this federal action and the Motion are absolutely not "collateral litigation". But for White Pacific's conduct, and FINRA's procedural requirements for confirmation, Reed would not have incurred the attorneys' fees in the enforcement of her rights.

To require Reed to bear the costs of enforcing her rights as the prevailing party would be inequitable – particularly when White Pacific has not been prejudiced in any way by the timing of the Motion filing, it voluntarily agreed to bear Reed's attorneys' fees as the prevailing party, it had ample notice that Reed intended to seek her attorneys' fees, its conduct caused her to incur all her attorneys' fees in the first place, the complexity of the confirmation process as relates to FINRA's rules was immense, and Reed *still* continues to incur attorneys' fees as a result of White Pacific's

conduct but as an act of good faith excludes those fees arising out of her Tennessee expungement efforts.

    For the foregoing reasons, Reed respectfully requests that this Court grant her Motion for attorneys' fees.

DATED: December 27, 2007

Submitted by,

SHUSTAK & PARTNERS, P.C.
ERWIN J. SHUSTAK
THOMAS C. FROST
JONAH A. TOLENO


s/Jonah A. Toleno
Attorney for Petitioner
Email: jtoleno@shufirm.com

401 West "A" Street, Suite 2330
San Diego, CA 92101
Telephone: (619) 696-9500
Facsimile: (619) 615-5290

Attorneys for Petitioner DENISE R. REED