United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE R. REED,<br><br>    Petitioner,<br><br>  v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., WHITE PACIFIC SECURITIES, INC. and ROY L. PANELLI,<br><br>    Respondents.<br>_____/ | No. C 07-3648 CW<br><br>ORDER DENYING PETITIONER'S MOTION FOR AWARD OF ATTORNEYS' FEES |

    Attorneys for Petitioner Denise R. Reed have filed a motion for an award of attorneys' fees against Respondent White Pacific Securities, Inc. (WPS). Respondent WPS opposes this motion. Having considered all of the papers filed by the parties, the Court DENIES Petitioner's motion.

## BACKGROUND

    On May 4, 2004, Petitioner, a stockbroker, brought an arbitration action against Respondent WPS, a brokerage firm, before

a National Association of Securities Dealers (NASD)[1] arbitration panel in San Francisco, California.  Petitioner asserted that Respondent WPS had breached the terms of their Independent Contractor Agreement (Agreement) and filed erroneous and defamatory statements about her with the Central Registration Depository (CRD).  (Toleno Decl. Ex. B, Arbitration Award at 1-2.)  On June 5, 2007, the panel issued an arbitration award, finding that Petitioner was the prevailing party.  (Id. at 3.)  The panel thereby granted expungement of erroneous statements from the CRD database[2] and assessed attorneys' fees of $158,719.10 and costs of $5,228.70 against Respondent WPS, under an attorneys' fees clause in the Agreement.  (Id. at 4-5.)

On June 27, 2007, Respondent WPS requested that the panel modify or eliminate the award of attorneys' fees.[3]  (Toleno Decl. Ex. C, Motion to Modify Award.)  On July 6, 2007, Petitioner wrote a letter in opposition to the request.  (Id.)

---

[1] In July, 2007, after Petitioner commenced her action, the NASD merged with the New York Stock Exchange, and is now known as the Financial Industry Regulatory Authority (FINRA).  FINRA is a self-regulatory organization, registered as a national securities association, to carry out regulatory duties under the Securities Exchange Act, and subject to oversight by the Securities and Exchange Commission (SEC).  15 U.S.C. § 78o-3.  FINRA's rules, including those pertaining to arbitration procedure, are approved by the SEC.  15 U.S.C. § 78s.

[2] The CRD is a national database of information concerning brokerage firms and individual brokers.  Although Respondent WPS filed the erroneous information, Respondent FINRA maintains the CRD, so the expungement must be performed by Respondent FINRA.

[3] Petitioner does not dispute Respondent WPS's contention that, following the arbitration, the awarded amount was placed in escrow pending resolution of the request to modify the award.

On July 16, 2007, and in an amended petition on July 24, 2007, Petitioner sought confirmation of the arbitration award in this Court.[4] Petitioner requested that the award be confirmed, in its entirety. Petitioner also sought interest on the awarded attorneys' fees, as well as additional attorneys' fees and costs incurred in bringing the petition.

On July 26, 2007, the NASD arbitration panel denied Respondent WPS's June 27 request to modify the award. (Toleno Decl. Ex. C.)

On August 1, 2007, Respondent WPS paid Petitioner the attorneys' fees that had been granted in arbitration. On August 10, 2007, Respondent paid Petitioner an additional $2,480.07 in interest.[5]

On September 25, 2007, in its answer to the petition, Respondent WPS requested that the Court deny the portion of the petition concerning attorneys' fees in excess of the arbitration award and grant confirmation of the expungement agreement.

On October 10, 2007, the Court entered judgment in accordance with a stipulated order between Petitioner and Respondent FINRA, confirming sections 3b through 3g of the award, in which Respondent

---

[4] FINRA's rules specify that "persons seeking to expunge information from the CRD system" must "obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief." NASD Manual, Code of Arbitration Procedure, Rule 2130(a) (2008).

[5] FINRA's arbitration rules stipulate that fees and assessments are to be paid immediately and a monetary "award shall bear interest from the date of the award . . . if not paid within thirty (30) days." NASD Manual, Code of Arbitration Procedure, Rule 10330(g)-(h) (2008).

3

FINRA agreed to expunge information from the CRA.[6]

On December 5, 2007, Petitioner filed a motion to recover an additional $42,140.54 in attorneys' fees against Respondent WPS, the amount allegedly incurred in seeking the Court order and collecting the fees awarded under arbitration.

## DISCUSSION

Petitioner argues that Respondent WPS should pay the "attorneys' fees, costs and expenses" incurred in recovering the fees awarded in the arbitration, and seeking the Court's stipulated order. Respondent WPS asserts that it does not owe Petitioner attorneys' fees beyond those in the award and contends that the motion is untimely under federal and local rules.

Unless otherwise provided by statute or court order, motions for attorneys' fees "must be filed no later than 14 days after entry of judgment; must specify the judgment and that statute, rule, or other grounds entitling the moving party to the award." Fed. R. Civ. P. 54(d)(2). Local Rule 54-6(a) specifies that, unless otherwise ordered by the court, "motions for awards of attorney's fees by the Court must be served and filed within 14 days of judgment by the District Court." One seeking an extension of time must file a motion, pursuant to Local Rule 6-3, or stipulation, pursuant to Local Rule 6-2.

A court may, for good cause, exercise its discretion to extend the time limit for the filing of a motion to recover attorneys'

---

[6]The parties did not stipulate to Section 3a of the Award, the expungement of criminal charges filed against Petitioner in Tennessee. Petitioner continues to "work with" Respondent FINRA in Tennessee state criminal court to obtain an order of expungement.

4

fees after the time limit has expired. Fed. R. Civ. P. 6(b)(B). However, this is premised on a showing of excusable neglect. Id. To determine whether neglect is excusable, a court must consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Petitioner argues that Respondent WPS knew that the motion would be filed and, therefore, was not prejudiced by the delay. On June 5, 2007, a NASD arbitration panel awarded Petitioner her full costs and attorneys' fees against Respondent WPS. Respondent WPS disputed the award by requesting that the panel modify the amount of attorneys' fees granted in the award. Petitioner submitted a letter in opposition, but did not request that the panel award additional attorneys' fees. After the panel denied Respondent WPS's request, Respondent WPS did not further dispute the award, and on August 1, 2007, it paid Petitioner $158,797 in attorneys' fees, pursuant to the award. Respondent WPS also acceded to Petitioner's demand for an additional $2,480.07 in interest, which it paid on August 10, 2007. On October 10, 2007, when this Court entered final judgment, confirmation of the award of attorneys' fees against Respondent WPS was moot and Respondent WPS had fulfilled its obligation to Petitioner under the arbitration award.

Although the stipulated expungement of Petitioner's erroneous records is solely the province of Respondent FINRA and not within

5

the control of Respondent WPS, Petitioner seeks attorneys' fees from Respondent WPS in relation to the stipulation. Petitioner alludes to various delays encountered in Tennessee state criminal court; however, this is irrelevant to the present matter. Because this is a motion for attorneys' fees against a party who has no control over compliance with the stipulated agreement, and in which claimed fees continue to accrue over time, it is not clear that allowing this motion would not prejudice Respondent WPS.

Petitioner provides no argument that the delay in filing this motion was justified. The Court entered judgment on October 10, 2007, confirming the stipulated agreement between Respondent FINRA and Petitioner. Respondent WPS did not oppose the stipulated agreement. Petitioner's attorneys did not file the instant motion until December 5, 2007--more than a month after the October 24, 2007 filing deadline--and they did not seek an extension of the filing deadline. This, alone, justifies denial of this motion. See In re Veritas Software Corp. Securities Litigation, 496 F.3d 962, 972 (9th Cir. 2007) ("[f]ailure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause").

Petitioner's sole remaining argument is that this motion should not be rejected on purely procedural grounds.[7] Petitioner

---

[7] Petitioner argues that she is entitled to additional attorneys' fees based on her contract with Respondent WPS and the underlying arbitration. Thus, it would appear that these additional fees should be sought in arbitration. Petitioner has not specified any "statute, rule, or other grounds entitling" her to an award of additional fees in this Court. See Fed. R. Civ. P. 54(d)(2). Therefore, even if timely filed, Petitioner's motion likely would have been denied.

6

cites only one case for the proposition that, "the purpose of the 14-day provision in Rule 54(d)(2)(B) is to assure that the opposing party is informed of the claim before the time for appeal has elapsed." Leidel v. Ameripride Services, Inc., 322 F. Supp. 2d 1206, 1210 (D. Kan. 2004). Leidel is a Kansas district court opinion, which is not controlling here. Also, the dispute involved a plaintiff who filed an application for an extension of the fourteen day filing deadline, but had missed the filing deadline by one day. Therefore, Petitioner's argument is inapposite.

CONCLUSION

For the foregoing reasons, Petitioner's motion for award of attorneys' fees is DENIED.

IT IS SO ORDERED.

Dated:  4/23/08

_____
CLAUDIA WILKEN
United States District Judge

7